**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------x
DANIEL NAVON,                                 :
on behalf of plaintiff and a class,           :
                                              :
                              Plaintiff,       :      Case No.
                                              :
            vs.                                :
                                              :
                                              :
SCHACHTER PORTNOY, L.L.C.;                     :
 and CAVALRY PORTFOLIO                         :
SERVICES, LLC,                                 :
                                              :
                              Defendants.      :
------------------------------------------------------x

## COMPLAINT  – CLASS ACTION

## INTRODUCTION

1.      Plaintiff Daniel Navon brings this action to secure redress from unlawful

collection practices engaged in by defendants Schachter Portnoy, L.L.C. and Cavalry Portfolio

Services, LLC ("CPS").    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15

U.S.C. §1692 et seq. ("FDCPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods,

conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in

connection with debt collection attempts. It also requires debt collectors to give debtors certain

information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the

use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive

debt collection practices contribute to the number of personal bankruptcies, to marital instability,

to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. §1692(a).

4.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes

1

the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5.       The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6.       Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq.*

## VENUE AND JURISDICTION

7.       This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

8.       Venue and personal jurisdiction in this District are proper because:

    a.       Defendants' collection communications were received by plaintiff within this District;

    b.       Defendants do or transact business within this District.

## PARTIES

9.       Plaintiff Daniel Navon  is an individual who resides in Flushing, Queens County, New York.

10.       Defendant Schachter Portnoy, L.L.C. is a law firm organized as a New Jersey limited liability company with offices at 500 Summit Lake Drive, Suite A, Valhalla, NY 10595, and 3490 U S Route 1, Princeton, NJ 08540.

11.       Schachter Portnoy, L.L.C. holds itself out as "a full service creditors' rights and business litigation firm with offices in Princeton, New Jersey; Valhalla, New York; and Atlanta, Georgia. Schachter Portnoy, L.L.C. practices law throughout New Jersey, Pennsylvania, New York and Georgia." (http://www.splawoffice.com/)

12.       Schachter Portnoy, L.L.C. further states (http://www.splawoffice.com/) that

"The firm's attorneys and staff provide clients with a broad range of collection and debt recovery functions. We assist our clients with the recovery of their outstanding receivables, from the pre-charge-off stage, through the litigation process and Judgment, including the protection of their interests in Bankruptcy proceedings. Our firm is comprised of a team of highly experienced litigation attorneys, legal assistants, collectors, Board Certified Physicians, certified patient account technicians, and support staff. We have extensive experience in assisting retail and commercial entities, healthcare providers, governmental agencies, national and regional financial institutions, bad debt purchasers and other creditors, to increase their bottom line."

13.    The same website also states (http://www.splawoffice.com/services.html) that "We have the technology and infrastructure to handle clients who have a high volume of files or those with a single matter. We handle claims of all dollar amounts. We are driven by our clients' needs and will tailor our services to accommodate those needs, including all reporting requirements. . . . The firm offers our clients the ability to access and view reports online through a special web portal on our law firm's secure Web page. We accept debtor payments via a firm payment portal."  The firm "can generate a variety of reports, including management summaries and statistics, that are designed to provide clients with the status of each account placed, to illustrate recovery percentages, and to list accounts that have been filed in Court. . . . The firm utilizes an advanced imaging system, which enables the firm to store documents electronically and provide access to the associated claim directly through the COLLECTION-MASTER® interface. . . . "

14.    Schachter Portnoy, L.L.C. uses the mails and telephone system to collect defaulted consumer debts allegedly owed to others.

15.    Schachter Portnoy, L.L.C. is a debt collector as defined in the FDCPA.

16.    Defendant Cavalry Portfolio Services, LLC ("CPS") is a limited liability company chartered under Delaware law with its principal place of business at 4050 E. Cotton Ctr. Bldg. 2, Suite 20, Phoenix, AZ 85040.   It does business in New York.   Its registered agent and office are

3

CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

17.    Defendant CPS is engaged in the business of a collection agency.

18.    CPS collects and supervises the collection of debts for several Cavalry "special purpose vehicles," of which Cavalry SPV I, LLC is one.

19.    CPS has a web site on which it states, "Founded in 2002, Cavalry is a leader in the acquisition and management of non-performing consumer loan portfolios." (https://www.cavalryportfolioservices.com/About)

20.    CPS hires and supervises outside law firms and collection agencies to dun consumers and file lawsuits on behalf of Cavalry SPV I, LLC.

21.    One of these is Schachter Portnoy, L.L.C..

22.    Defendant CPS is a debt collector as defined in the FDCPA.

23.    Defendant CPS holds a number of collection agency licenses from various jurisdictions.

24.    The mails and telephone system are used in connection with the collection of debts and prosecution of collection litigation by CPS.

## FACTS

25.    Defendants have been attempting to collect from plaintiff an alleged credit card debt incurred (if at all) for personal, family or household purposes and not for business purposes.

26.    On or about June 29, 2018, Citibank sent plaintiff the letter attached as Exhibit A, stating that at the time the debt was sold to Cavalry SPV I, LLC, it had a balance of $6,257.68.

27.    On or about June 29, 2018, CPS sent plaintiff the letter attached as Exhibit B, stating that the chargeoff balance was $6,331.07, that no interest, charges or fees had been added since chargeoff, that no payments had been made, and that the balance was $6257.68.  A note stated that "The amount you owe is the amount stated at the top of this letter as Outstanding Balance.  Any difference between the Charge Off Balance, and the Outstanding Balance, is due to the application of credits to your account prior to the date of this letter."

4

28.    Exhibit B does not list an amount for "Outstanding Balance."

29.    Plaintiff had not made any payments on the debt since chargeoff.

30.    Exhibit B is the first letter plaintiff received from defendant CPS regarding the alleged debt described therein.

31.    Exhibit B is a form letter, filled out by computer in a standardized manner.

32.    On information and belief, based on its contents, Exhibit B is a form intended for use as the first letter defendant CPS sends to a consumer regarding the debt described therein.

33.    On or about November 19, 2018, defendant Schachter Portnoy, L.L.C. sent plaintiff the letter attached as Exhibit C.

34.    Schachter Portnoy, L.L.C. was hired and directed to send Exhibit C by CPS.

35.    On information and belief, CPS provided the numbers in Exhibit C.

36.    CPS has performance standards which require that a collection agency it hires, such as Schachter Portnoy, L.L.C., send an initial demand within a specified period.

37.    CPS has the right to review files and correspondence of collection agencies it hires, insofar as CPS files are concerned.

38.    Exhibit C is the first letter plaintiff received from defendant Schachter Portnoy, L.L.C. regarding the alleged debt described therein.

39.    Exhibit C is a form letter, filled out by computer in a standardized manner.

40.    On information and belief, based on its contents, Exhibit C is a form intended for use as the first letter defendant Schachter Portnoy, L.L.C. sends to a consumer regarding the debt described therein.

41.    Exhibit C again states that the "total amount of the debt due" is $6,257.68, that the amount of the debt at chargeoff was $6,331.07, that no interest, fees, or charges have accrued since chargeoff, and that the total amount of the payments and/or credits applied to the debt since chargeoff was $73.39.

42.    Plainiff called Schachter Portnoy, L.L.C., on or about December 12, 2018 and

5

was told that CPS had credited back interest that had been added post-charge-off.

43.    The statements concerning the amount of the debt in Exhibits B and C were not accurate.  On information and belief, the amount of the debt at chargeoff was $6,257.68.

44.    On information and belief, subsequent to chargeoff, $73.39 interest was added to the debt by CPS.  On information and belief, some or all of the interest was for periods prior to the time Cavalry SPV I, LLC allegedly bought the debt or included interest which was not assigned to CPS by the original creditor.

45.    Questions arose concerning the propriety of the interest, either because it was done retroactively, or because of the rate of the interest, or because no statements reflecting the interest had been sent to plaintiff.

46.    As a result, plaintiff received a credit for the interest.

47.    On information and belief, defendants wanted to avoid disclosing that questionable interest had been added after chargeoff, which would give consumers ample justification for challenging the accuracy and integrity of any numbers furnished by those entities and possibly disclose a legal defense to the debt under applicable usury laws.

48.    To avoid such disclosure, the interest was added to the amount of the debt at chargeoff, misrepresenting that amount.

49.    New York state law required disclosure of the components of the debt.  Making a truthful disclosure  would have tipped off consumers.  Defendants "solved" this "problem" by misstating the chargeoff balance to make the numbers add up.

### COUNT I – FDCPA

50.    Plaintiff incorporates paragraphs 1-49.

51.    The form letters attached as Exhibits B and C violate 15 U.S.C. §1692e, 1692e(2), and 1692e(10) in that they misrepresents the amount of the debt at chargeoff, for the purpose of hiding questionable interest added to the debt and violate 15 U.S.C. §1692g(a) as the reference to "Outstanding Balance" in conjunction with false statement of the amount of the debt at chargeoff

fails to clearly and effectively state the amount of the debt.

52.    The form letters attached as Exhibits B and C violate

53.    Section 1692e provides:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2) The false representation of—**
>
> > **(A) the character, amount, or legal status of any debt; or**
> >
> > **(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. . . .**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

54.    Section 1692g(a) provides:

> **Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**
>
> **(1) the amount of the debt...**

## CLASS ALLEGATIONS

55.    Plaintiff brings this claim on behalf of two classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

56.    The  CPS class consists of (a) all individuals (b) with New York addresses, (c) to whom defendant CPS sent a letter in the form represented by Exhibit B (d) which letter was sent any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

57.    The Schachter Portnoy  class consists of (a) all individuals (b) with New York addresses, (c) to whom defendant Schachter Portnoy, L.L.C. sent a letter in the form represented by Exhibit C (d) on behalf of defendant CPS (e) which letter was sent any time during a period

beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

58.     On information and belief, based on defendants' size and the use of a form letter, the class members are so numerous that joinder of all members is not practicable.

59.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether Exhibits B and C violate the FDCPA.

60.     Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

61.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

62.     A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.     Individual actions are not economically feasible.

      b.     Members of the class are likely to be unaware of their rights;

      c.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

      i.     Statutory damages;

      ii.     Attorney's fees, litigation expenses and costs of suit;

      iii.     Such other and further relief as the Court deems proper.


s/Tiffany N. Hardy
Tiffany N. Hardy

8

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com


Daniel C. Cohen
COHEN & MIZRAHI LLP
300 Cadman Plaza West, 12th floor
Brooklyn, NY 11201
(929) 575-4175
(929) 575-4195 (FAX)
dan@cml.legal

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.


<u>s/Tiffany N. Hardy</u>
Tiffany N. Hardy


Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)


T:\35700\Pleading\Complaint  Pleading.WPD

**<u>EXHIBIT A</u>**



CITI
PO BOX 790040
St. Louis, MO 63179-9819

June 29, 2018



ıllııl││·ı·ı·ı·ı·ıllıllıll││llllllllıl···ıl·ıı·ı·│·ıll│·lıl·
4-682-95423-0001583-001-01-000-000-000-000
DANIEL NAVON

Account Number Ending In: ███

Dear DANIEL NAVON

Your loan ending in ███ with a balance of $6,257.68 has been sold to Cavalry SPV I, LLC and is no longer owned by Citi. The balance consists of $5,450.65 of principal, $512.03 in interest, and $295.00 in fees.

Effective immediately, please send any future payments or correspondence to Cavalry SPV I, LLC at:

     Cavalry SPV I, LLC
     500 Summit Lake Drive, Suite 400
     Valhalla  NY 10595

Cavalry SPV I, LLC may also be reached at 800-724-1757.

In case you have already sent payment to Citi, the payment will be forwarded to Cavalry SPV I, LLC.

Please note this is not a bill.

Sincerely,

G. Goldberg
Vice President
Citibank, N.A.

682-3026-0809F

2100E

**<u>EXHIBIT B</u>**





PO Box 520
Valhalla, NY 10595

Phone: (866) 434-2995 • FAX: (914) 747-3673
www.cavps.com

June 29, 2018

ılılıılıdllıulıdıdıdıdılılıllllıdıllıbıdılılılı
Daniel Navon

RE: Original Institution:         Citibank, N.A./AAdvantage
    Original Account No.:
    Cavalry Account No.:
    Current Creditor:             Cavalry SPV I, LLC
    Charge off balance:           $6331.07
    Interest since charge off:    $.00
    Other Charges or Fees since   $.00
    charge off:
    Payments since charge off:    $.00
    Balance Due:                  $6257.68*

Regulation of the New York State Department of Financial Services requires us to tell you: Cavalry, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., is prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: (i) the use or threat of violence; (ii) the use of obscene or profane language; and (iii) repeated phone calls made with the intent to annoy, abuse, or harass.

Dear Daniel Navon:

Cavalry SPV I, LLC purchased the Citibank, N.A./AAdvantage account listed above and is now the creditor for the account. Cavalry SPV I, LLC has referred the account to Cavalry Portfolio Services, LLC ("Cavalry") for servicing.

Cavalry is committed to providing you with excellent customer service, which includes treating you in a fair and respectful manner. If at any time you feel that you have not been provided with excellent customer service, please call us at (866) 483-5139.

We understand that all of the account balance may not be repaid at this time. If some of the bill can be repaid, even if it is through a monthly payment plan, we would like to hear from you. We work with our customers to find affordable repayment arrangements. Please call us at (866) 483-5139 to discuss your repayment options.

Unless you notify Cavalry within thirty days after receiving this letter that you dispute the validity of this debt or any portion thereof, Cavalry will assume this debt is valid. If you notify Cavalry in writing within thirty days from receiving this notice that you dispute the validity of this debt or any portion thereof, Cavalry will obtain verification of the debt or a copy of a judgment, if applicable, and mail you a copy of such verification or judgment. If you request it from Cavalry in writing within thirty days after receiving this notice, Cavalry will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,

Christine Acosta
Cavalry Portfolio Services, LLC

* The amount you owe is the amount stated at the top of this letter as Outstanding Balance. Any difference between the Charge Off Balance, and the Outstanding Balance, is due to the application of credits to your account prior to the date of this letter.

We may report information about your account to credit reporting agencies.

Regulation of the New York State Department of Financial Services requires us to tell you: If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: 1. Supplemental security income, (SSI); 2. Social security; 3. Public assistance (welfare); 4. Spousal support, maintenance (alimony) or child support; 5. Unemployment benefits; 6.

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR. SEE REVERSE SIDE FOR IMPORTANT INFORMATION CONCERNING YOUR RIGHTS.**



## Notice of Important Rights

We are required by law to notify consumers of the following rights. This list does not include a complete list of rights consumers have under state and federal laws.

**In California:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**IN COLORADO:** A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR. Our in-state office address and telephone number is 80 Garden Center, Building B, Suite 3 Broomfield, CO 80020, (303) 920-4763.

**IN MASSACHUSETTS:** Notice of important rights. You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector. You may contact us by telephone at (866) 483-5139 between 9:00 am and 5:00 pm Eastern Time Monday-Friday or in writing at 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340.

**IN MINNESOTA:** THIS COLLECTION AGENCY IS LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE.

**In New York City:** This collection agency is licensed by the New York City Department of Consumer Affairs. The license numbers are 1143718, 1126502, 1126497, and 1126494.

**In Tennessee:** This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance.

**In Utah:** As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**In North Carolina:** This collection agency is licensed by the North Carolina Department of Insurance. The license numbers are 3824, 3910, 3911, and 3912. Its true name is Cavalry Portfolio Services, LLC. Its true addresses are: (a) 4050 Cotton Center Boulevard, Building 2, Suite 20, Phoenix, Arizona 85040; (b) 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340; (c) 4500 South 129th East Ave, Suite 165, Tulsa, Oklahoma 74134; and (d) 1611 County Rd B W, Suite 306, Roseville, MN 55113.

---

**Privacy Notice**

**In accordance with federal regulations, Cavalry is giving you this notice to tell you how we may use non-public personal information about you and your account ("Private Information"). This notice applies whether you are a current or a former customer of Cavalry.**

COLLECTION AND USE OF PRIVATE INFORMATION
We collect Private Information about you from the following sources:

- ❑  Information we receive from you either directly or indirectly, such as information on applications or other forms, which may include your name, address, social security number and income.
- ❑  Information about your transactions with us or others, such as your account balance and payment history.
- ❑  Information we receive from consumer reporting agencies, such as your credit history and credit worthiness.

DISCLOSURE OF PRIVATE INFORMATION
We only disclose information we collect to affiliated and non-affiliated third parties as permitted by the federal Fair Debt Collection Practices Act. We may disclose information we collect to:

- o  Credit bureaus
- o  The original creditor and entities that have had an ownership interest in your account
- o  Entities that provide mailing services on our behalf
- o  Entities that provide collection-related services on our behalf
- o  Others, such as third parties, when you direct us to share information about you
- o  Affiliated and non-affiliated parties if not prohibited by the federal Fair Debt Collection Practices Act or by other applicable laws

MAINTENANCE OF ACCURATE INFORMATION
We have established procedures to correct inaccurate information in a timely manner. If you have any reason to believe that our record of your Private Information is incorrect, contact us in writing at 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340. We will investigate the situation and, when appropriate, update our records accordingly.

PROTECTION OF INFORMATION
We restrict access to Private Information about you to our employees who need this information to provide products and services to you. We maintain physical, electronic, and procedural safeguards that are consistent with federal standards to guard your Private Information.

---

For account questions, comments, or general customer service, you may contact us at (866) 434-2995 Monday through Thursday 9am to 9pm Eastern Time, Friday 9am to 5pm Eastern Time, Saturday 9am to 1pm Eastern Time, or you may write us at 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340.

HELLO_LTRL
CVN.wfd
934870
000000910
1 of 2

# Cavalry

PO Box 520
Valhalla, NY 10595

Phone: (866) 434-2995 • **FAX:** (914) 747-3673
**www.cavps.com**

June 29, 2018

| | |
|---|---|
| RE: Original Institution: | Citibank, N.A./AAdvantage |
| Original Account No.: | |
| Cavalry Account No.: | |
| Current Creditor: | Cavalry SPV I, LLC |
| Charge off balance: | $6331.07 |
| Interest since charge off: | $.00 |
| Other Charges or Fees since charge off: | $.00 |
| Payments since charge off: | $.00 |
| Balance Due: | $6257.68* |

Daniel Navon

Disability benefits; 7. Workers' compensation benefits; 8. Public or private pensions; 9. Veterans' benefits; 10. Federal student loans, federal student grants, and federal work study funds; and 11. Ninety percent of your wages or salary earned in the last sixty days.

---

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR. SEE REVERSE SIDE FOR IMPORTANT INFORMATION CONCERNING YOUR RIGHTS.**



**Notice of Important Rights**

We are required by law to notify consumers of the following rights. This list does not include a complete list of rights consumers have under state and federal laws.

**In California:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**IN COLORADO:** A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR. Our in-state office address and telephone number is 80 Garden Center, Building B, Suite 3 Broomfield, CO 80020, (303) 920-4763.

**IN MASSACHUSETTS:** Notice of important rights. You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector. You may contact us by telephone at (866) 483-5139 between 9:00 am and 5:00 pm Eastern Time Monday-Friday or in writing at 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340.

**IN MINNESOTA:** THIS COLLECTION AGENCY IS LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE.

**In New York City:** This collection agency is licensed by the New York City Department of Consumer Affairs. The license numbers are 1143718, 1126502, 1126497, and 1126494.

**In Tennessee:** This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance.

**In Utah:** As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**In North Carolina:** This collection agency is licensed by the North Carolina Department of Insurance. The license numbers are 3824, 3910, 3911, and 3912. Its true name is Cavalry Portfolio Services, LLC. Its true addresses are: (a) 4050 Cotton Center Boulevard, Building 2, Suite 20, Phoenix, Arizona 85040; (b) 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340; (c) 4500 South 129th East Ave, Suite 165, Tulsa, Oklahoma 74134; and (d) 1611 County Rd B W, Suite 306, Roseville, MN 55113.

---

**Privacy Notice**

**In accordance with federal regulations, Cavalry is giving you this notice to tell you how we may use non-public personal information about you and your account ("Private Information"). This notice applies whether you are a current or a former customer of Cavalry.**

COLLECTION AND USE OF PRIVATE INFORMATION
We collect Private Information about you from the following sources:

❑ Information we receive from you either directly or indirectly, such as information on applications or other forms, which may include your name, address, social security number and income.
❑ Information about your transactions with us or others, such as your account balance and payment history.
❑ Information we receive from consumer reporting agencies, such as your credit history and credit worthiness.

DISCLOSURE OF PRIVATE INFORMATION
We only disclose information we collect to affiliated and non-affiliated third parties as permitted by the federal Fair Debt Collection Practices Act. We may disclose information we collect to:

o Credit bureaus
o The original creditor and entities that have had an ownership interest in your account
o Entities that provide mailing services on our behalf
o Entities that provide collection-related services on our behalf
o Others, such as third parties, when you direct us to share information about you
o Affiliated and non-affiliated parties if not prohibited by the federal Fair Debt Collection Practices Act or by other applicable laws

MAINTENANCE OF ACCURATE INFORMATION
We have established procedures to correct inaccurate information in a timely manner. If you have any reason to believe that our record of your Private Information is incorrect, contact us in writing at 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340. We will investigate the situation and, when appropriate, update our records accordingly.

PROTECTION OF INFORMATION
We restrict access to Private Information about you to our employees who need this information to provide products and services to you. We maintain physical, electronic, and procedural safeguards that are consistent with federal standards to guard your Private Information.

---

For account questions, comments, or general customer service, you may contact us at (866) 434-2995 Monday through Thursday 9am to 9pm Eastern Time, Friday 9am to 5pm Eastern Time, Saturday 9am to 1pm Eastern Time, or you may write us at 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340.

**<u>EXHIBIT C</u>**

# SCHACHTER PORTNOY, L.L.C.

**HOWARD SCHACHTER**
Admitted in NJ, NY, GA & TN
**DARIN S. PORTNOY**
Admitted in NJ, NY, PA, GA & MI
**JOEL S. SCHNECK**
Admitted in NJ, NY, PA & GA
OF COUNSEL
**KORTNEY SWANSON DAVIS**
Admitted in NJ
**SUSAN G. STEINMAN**
Admitted in NJ, NY, OR & WA
**CLARK C. KINGERY**
Admitted in DE

ATTORNEYS AT LAW
500 SUMMIT LAKE DRIVE, SUITE 4A
VALHALLA, NY 10595-1340
TEL: (888) 841-6574   (914) 747-6106
FAX: (888) 841-6573

NYC DCA: 2046831

**CRAIG FAYE**
Admitted in NY, NJ & FL
**DANIELLE C. BROWN**
Admitted in GA
**YEHUDA KLEIN**
Admitted in NJ & NY
**EVAN D. WEINER**
Admitted in NJ & NY
**KURT R. KOWALSKI**
Admitted in NJ

November 19, 2018

DANIEL NAVON

Re:  Our Client:    CAVALRY SPV I, LLC
     Our File Number:
     Original Creditor:  Citibank, N.A.
     Total amount of the debt due as of charge-off:  $6,331.07
     Total amount of interest accrued since charge-off: $0.00
     Total amount of non-interest charges or fees accrued since
     charge-off:  $0.00
     Total amount of payments and/or credits made on the debt since
     charge-off: $73.39
     Total amount of the debt due:  $6,257.68

Dear DANIEL NAVON:

This firm has been retained by the above-named client to collect the amount due, indicated above.

### DISCLOSURE OF CONSUMER RIGHTS PURSUANT TO 23 NYCRR 1.2(a)(1 and 2)

**Protections under the Fair Debt Collection Practices Act:**

That debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: **1.** The use or threat of violence; **2.** The use of obscene or profane language; and **3.** Repeated phone calls made with the intent to annoy, abuse, or harass.

**Protections under the New York Exempt Income Protection Act:**

If a creditor of debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

**1.** Supplemental security income (SSI); **2.** Social security; **3.** Public assistance (welfare); **4.** Spousal support, maintenance (alimony) or child support; **5.** Unemployment benefits; **6.** Disability benefits; **7.** Workers compensation benefits **8.** Public or private pensions; **9.** Veteran's benefits; **10.** Federal student loans, federal student grants, and federal work study funds; and **11.** Ninety percent of your wages or salary earned in the last sixty days.

DANIEL NAVON
November 19, 2018
Page 2

Please feel free to contact this office at 888/841-6574.

### **Disclosure**

You are hereby notified that this firm is acting as a debt collector in this matter.  We are attempting to collect a debt and any information obtained will be used for that purpose.  Unless within 30 days after your receipt of this notice, you dispute the validity of the debt or any portion thereof, we will assume the debt to be valid.  If you notify us in writing within the 30-day period after your receipt of this notice that you dispute the debt, or any portion thereof, we will obtain verification of the debt, or if the debt is founded upon a judgment, a copy of the judgment, and a copy of such verification or judgment will be mailed to you by us.  Upon your written request within 30 days after receipt of this notice, we will provide you the name and address of the original creditor, if different from the current creditor.

Very truly yours,

Craig Faye, Esq.
For the Firm

CTF