LAW OFFICES
# EDELMAN, COMBS, LATTURNER & GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
Phone: (312) 739-4200
Fax: (312) 419-0379
www.edcombs.com

May 2, 2019

**VIA ECF**
Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*Re:*   *Navon v. Schachter Portnoy, LLC, et al.*, Civil Case No.: *19-cv-63 (PKC) (CLP)*

Dear Judge Chen:

     Plaintiff, Daniel Navon, in accordance with the Court's April 4, 2019 scheduling order, respectfully submits this letter in opposition to Defendant Schachter Portnoy, LLC's ("Schachter") April 18, 2019 letter in further support of its motion to dismiss ("MTD letter") Plaintiff's First Amended Complaint ("FAC") pursuant to Red. R. Civ. P. 12(b)(6).

## **PRELIMINARY STATEMENT**

     Plaintiff alleges in his FAC that Schachter violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), by sending Plaintiff and the putative class members the letters attached as <u>Exhibit C</u> to Plaintiff's complaint ("the November Letter," attached to this brief as Appendix A) and <u>Exhibit D</u> to Plaintiff's complaint ("the December Letter," attached to this brief as Appendix B) (collectively, "the Schachter Letters"), which are confusing as to the legal status of the underlying debt and fail to effectively state the amount of the debt, in violation of 15 U.S.C. §§1692g. §1692e, and §1692e(10).

     Defendant states in its MTD that Plaintiff's "allegations in this case are the proverbial moving target" apparently because Plaintiff's allegations changed in his FAC. (MTD p.1). This was due to new information provided by Schachter, highlighting the confusing and misleading nature of Defendant's letter. The fact that conducting discovery leads to more focused litigation does not diminish Plaintiff's claims in this case and Plaintiff did exactly what is contemplated by Fed R. Civ. P. 15(a)(1)(A) by amending his complaint as a matter of course within 21 days of serving his complaint. Amended complaints are, by definition, different from their predecessors.

     Plaintiff's FAC in fact alleges that on or about November 19, 2018, Defendant Schachter sent, and Plaintiff received, an initial communication which stated that "the total amount of the debt due" is $6,257.68, that the amount of the debt at chargeoff was $6,331.07, that no interest, fees or charges have accrued since chargeoff, and that the total amount of ***payments and/or***

1

*credits* applied to the debt since chargeoff was $73.39. (FAC ¶¶ 39- 41) (emphasis added) ("November Letter"). Plaintiff further alleges that, upon receiving the November Letter, he was "[c]onfused by what the $73.39…represented" and, as a result, "called [Defendant Schachter]… and was told that CPS had credited back interest that had been added post-charge-off." (FAC ¶42)[1]  In response to Plaintiff's request for additional information verifying the amount of the debt, on December 28, 2018, Defendant Schachter sent Plaintiff the letter and supporting documents attached to Plaintiff's complaint as Exhibit D ("December Letter").  (FAC ¶43) Nothing in or included with the December Letter explains the source, date or basis for the $73.39 "payment and/or credit" and more importantly, still does not answer the question of whether the $73.39 is in fmact a "payment" by the consumer or a "credit" applied by someone other than the consumer.  The distinction is significant, as one meaning –payment—can impact the legal status of the debt (i.e. extending the statute of limitations or establishing an admission of liability, etc.) whereas the other—credit—may not.  (FAC ¶46)

Plaintiff alleges that Defendant violated 15 U.S.C. §1692e, 1692e(2), and 1692e(10) by lumping together "payments and/or credits[,]" without explanation that this was not done with the involvement of the debtor, because it creates a false record with respect to events that (a) might restart the statute of limitations and (b) constitute an admission of debt.  (FAC ¶¶ 46-47). Plaintiff further alleges that Defendant violated 15 U.S.C. §1692g(a) because the reference to "payments and/or credits" is confusing and fails to clearly and effectively state the amount of the debt. (FAC ¶ 46).

## STANDARD OF REVIEW

In evaluating a motion to dismiss, the Court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Friedl v. City of New York,* 210 F.3d 79, 83 (2d Cir. 2000). A plaintiff need only provide sufficient plausible facts to put the defendant on notice of his claims. *Brooks*, 578 F.3d at 581. Here, accepting Plaintiff's allegations as true and drawing all reasonable inferences in his favor, Plaintiff has clearly stated claims on which relief can be granted under the FDCPA for the reasons set forth below.

## ARGUMENT

### A.     The Schachter Letters violate § 1692e.

Section 1692e, in relevant part, provides:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2) The false representation of—**

---

[1] Since the filing of Plaintiff's initial Complaint, Defendant Schachter now takes the position that this statement was in fact not true, and that it was the original creditor, not CPS, that applied a credit to the account post charge-off.  The source and basis for applying the credit, post-charge-off, remains unknown to Plaintiff and Plaintiff's counsel.

2

**(A)** *the character, amount, or legal status of any debt*; or

**(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt . . .**

**(10) The use of** *any false representation or deceptive means to collect or attempt to collect any debt* **or to obtain information concerning a consumer. (emphasis added).**

Plaintiff alleges that Defendant violated 15 U.S.C. §1692e, 1692e(2), and 1692e(10) by lumping together "payments and/or credits[,]" without explaining that this was not done with the involvement of Plaintiff, because it creates a false record with respect to events that might (a) restart the statute of limitations and (b) constituted an admission of debt. (FAC ¶ 46-48) This false record can, and often is, used in an attempt to extend the statute of limitations as to collection of the alleged debt at issue. Plaintiff had absolutely no way of knowing what the character of the apparent "payment and/or credit" was and whether it is the type of account activity that would toll the applicable statute of limitations by reading the Schachter Letters. The mysterious and unexplained credit referenced in the Schachter Letters certainly could create the impression on a judge hearing an eventual collection suit that the $73.39 is somehow attributable to Plaintiff.

Creditors have a long history of attempting to use small alleged payments to extend statutes of limitations against debtors. *First Nat. Bank of Wood River v. Carstens*, 346 Ill.App. 474, 105 N.E.2d 786 (4th Dist. 1952) (creditor used uncorroborated notation of a modest payment on a note to argue for the extension of the statute of limitations); *Connelly v. Pierson,* 9 Ill. 108 (1847) (A "payment is an affirmative act, much more easily established by the creditor than disproved by the debtor"); *Chapin & Gore, Inc. v. Estate of John Powers,* 270 Ill.App. 382 (1st Dist. 1933) (creditor used indorsements which appeared to be falsely dated to argue for a toll to the statute of limitations). This is precisely the danger Plaintiff faces as to the "payment and/or credit" referenced in the Schachter Letters. In fact, Plaintiff's attorneys have encountered the creditor's strategy of using supposed payments to extend the statute of limitation in *CACH, LLC v. Kryl,* Illinois Circuit Court for Cook County, 17 M1 112504.

The creation of a false record that can be used to extend the statute of limitations on an alleged debt constitutes an FDCPA violation even if the consumer knows it is false. The Second Circuit examined the use of fraudulent records to enforce consumer debt in the FDCPA context recently in *Sykes v. Mel S. Harris and Associates, LLC,* 780 F.3d 70 (2d Cir. 2015) in which the defendant had routinely engaged in "sewer service" whereby it would fail to serve the summons and complaint but still submit proof of service to the court, creating a false record in order to apply for default judgment.

The Schachter Letters are also susceptible to more than one interpretation, when only one such reading can be correct. Under this standard, "collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *Easterling v. Collectco, Inc.,* 692 F.3d 229, 233 (2d Cir. 2012) quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993). *See also, Russell v. Equifax A.R.S.* 74 F.3d 30 (2d Cir. 1996) (because a letter with two possible readings "was reasonably susceptible to an inaccurate reading, it was also deceptive within the meaning of the Act.") (citing *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 25 (2d Cir.1989)).

3

Schachter appears to contend that its letter was not deceptive because Plaintiff knew he did not make a payment on the account himself. However even assuming Plaintiff could know that this was a "credit," the misrepresentation still violates the FDCPA. In *Lox v. CDA, Ltd.,* 689 F.3d 818, 825 (7th Cir. 2012), the court held that a collection letter is false and misleading if it "impl[ies] that certain outcomes might befall a delinquent debtor when, legally, those outcomes cannot come to pass." This was true even where the plaintiff never believed that the threatened activity would come to pass. *Id.* at 826. Here, the letter still creates a false record and is thus misleading in violation of the FDCPA.

Schachter also contends, citing one non-controlling case, that Plaintiff could not have been misled as to the legal status of the debt because Plaintiff "would not even know what a statute of limitations is[.]" (MTD p. 5). Not only is this at odds with Plaintiff's allegations in his FAC, but it is at odds with well-settled law that misrepresentation concerning statutes of limitations are actionable. *See, e.g., McMahon v. LVNV Funding, LLC,* 744 F.3d 1010, 1022 (7th Cir. 2014) ("an unsophisticated consumer could be misled by a dunning letter for a time-barred debt"); *See also, Easterling v. Collecto, Inc.,* 692 F.3d 229, 235 (2d Cir. 2012) (The Collection Letter's capacity to discourage debtors from fully availing themselves of their legal rights renders its misrepresentation exactly the kind of abusive debt collection practice . . . that the FDCPA was designed to target") (internal quotations omitted). Moreover, information regarding the relevant New York statute of limitations is widely available to the lay person using a simple internet search. (Appendices C-E).

Schachter argues both that Plaintiff did not know what a statute of limitations is, but also that he apparently should have known the amount of time that existed between the last payment he remembered making and the statute of limitations in support of its contention that Schachter's claim is immaterial. (MTD p. 5). This argument is bogus. As the *Lox* court explained, if the defendant's false statements about the collectability of attorney's fees "were accurate, a decision to contest the debt could have turned out to be much more costly. Whether or not this fact would have led [the plaintiff] to alter his course of action, it would have undoubtedly been a factor in his decision-making process, and very well could have led to a decision to pay a debt that he would have preferred to contest. The false statement was therefore material." Consumers, when approached by a debt collector seeking payment, must make this kind of decision: With my scarce resources, should I pay this debt or should I pay my utility bill, rent, or my child's school fees and, if I do not pay this debt now, will I make my family's financial situation worse? To this consumer, the fact that there is more or less time available under the applicable statute of limitations is material to when and whether that consumer will make the payment demanded.

### B.     Schachter's November Letter Violates § 1692g(a).[2]

When determining whether a debt collector has violated § 1692g's notice requirements, we consider how the "least sophisticated consumer" would interpret the notice. *See Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996) (*citing Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). The issue, thus, is whether "the notice fails to convey the required information 'clearly and effectively and thereby makes the least sophisticated consumer uncertain' as to the meaning of the message." *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001) (quoting *Savino v. Computer Credit, Inc*., 164 F.3d 81, 85 (2d Cir. 1998)). Thus, even if a debt collector accurately

---

[2] Plaintiff's 1692g(a) claim only applies to the November Letter.

4

conveys the required information, a consumer may state a claim if she successfully alleges that the least sophisticated consumer would inaccurately interpret the message. *Carlin v. Davidson Fink LLP,* 852 F.3d 207 (2d Cir. 2017).

Thus, "the least sophisticated consumer standard is not concerned with the literal accuracy of a statement, but rather, with the impression that it may reasonably leave upon a consumer." *Beauchamp v. Fin. Recovery Servs., Inc*., No. 10 CIV. 4864 SAS, 2011 WL 891320, at *3 (S.D.N.Y. Mar. 14, 2011)(emphasis in the original). In *Carlin,* the Second Circuit held that a letter violated § 1692g where its "Payoff Statement [did] not specify what the 'estimated fees, costs, [and] additional payments' are." 852 F.3d at 216. Whether or not the amount Schachter alleges is due in its letter is accurate in hindsight, which Plaintiff has not conceded, the November Letter confused Plaintiff as to the amount due to the point that he had to call Schachter to ascertain how much he actually owed. (FAC ¶ 42). The court in *Bartlet v. Heibl,* 128 F.3d 497, 500 (7th Cir. 1997) emphasized that "It would be better if the courts just said that the unsophisticated consumer is to be protected against confusion whatever form it takes. A contradiction is just one means of inducing confusion; 'overshadowing' is just another; and the most common is a third, the failure to explain an apparent though not actual contradiction[.]"

Here, Plaintiff was confused by a statement that the debt at chargeoff was one amount, that there was an inexplicable "payment and/or credit" applied which Plaintiff knew nothing about, and that the total amount due is a different amount. Plaintiff believes the evidence will show that there was no activity on the account except for the inexplicable credit to the account added by someone other than Plaintiff in order to put Plaintiff at a legal disadvantage. Plaintiff is put in the position of wondering which amount he owes—the larger amount that does not include a "payment and/or credit" that he has no knowledge of? Or the lesser amount that reflects account activity he believes was made fictitiously to create a false record? Simply put, Plaintiff has a right to clearly communicated, correct information under the FDCPA so that he knows how much he actually owes and instead he received a confusing and inexplicable statement of his alleged debt.

Schachter's reliance on *Kolbasyuk v. Capital Mgmt. Servs., LP,* 918 F.3d 236, 241 (2d Cir. 2019) is misplaced. The plaintiff in *Kolbasyuk* did not allege, like Plaintiff did in the instant case, that a component of the accounting of the amount due was open to more than one interpretation one of which is inaccurate, which makes the contents of the letter, including the amount owed, inherently unclear.

Schachter was required to convey the amount of the debt "clearly and effectively." *DeSantis v. Computer Credit, Inc.*, 269 F.3d at 161. Plaintiff has adequately alleged that it failed to do so here.

## **CONCLUSION**

Plaintiff has adequately alleged in his First Amended Complaint that Defendant Schachter misled him as to the amount owed and the legal status of his alleged debt. Thus, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6).

Respectfully,

                /s/Cassandra P. Miller
                Cassandra P. Miller

Cassandra P. Miller (pro hac vice)
EDELMAN, COMBS, LATTURNER
   & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

Daniel C. Cohen
COHEN & MIZRAHI LLP
300 Cadman Plaza West, 12th floor
Brooklyn, NY 11201
(929) 575-4175
(929) 575-4195 (FAX)
dan@cml.legal


cc: all counsel of record (via ECF)

## **CERTIFICATE OF SERVICE**

      I, Cassandra P. Miller, certify that on May 2, 2019, I caused to be filed a true and accurate copy of the foregoing document via the Court's CM/ECF system, which sent notice to all parties of record.

/s/Cassandra P. Miller
Cassandra P. Miller

Cassandra P. Miller (pro hac vice)
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)